IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

KRISHNAN GHOSH,

Plaintiff,

v.

ABBOTT LABORATORIES, *et al.*,

Defendants.

Case No. 26-cv-00264-DKW-WRP

**ORDER (1) GRANTING MOTION TO TRANSFER, (2) DENYING WITHOUT PREJUDICE MOTION TO DISMISS, AND (3) TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

Defendant Abbott Laboratories moves, in part, to transfer this wrongful termination action, arguing that the parties entered into an employment agreement containing a forum selection clause that requires this litigation to occur in the courts of Minnesota. Plaintiff Krishnan Ghosh does not challenge that his sole claim of retaliation falls within the ambit of the forum selection clause. Instead, he contends that the clause is invalid due to fraud and/or because enforcement contravenes Hawai‘i public policy. Upon review, because Ghosh has not provided any reason, let alone one that is “extraordinary”, as required by applicable case law, not to enforce the forum selection clause agreed to by the parties, the motion to transfer is GRANTED, and this action is TRANSFERRED to

the District of Minnesota. Abbott's further arguments for dismissal of the operative Complaint are DENIED WITHOUT PREJUDICE to renewal in Minnesota.

**BACKGROUND**

On May 29, 2026, Ghosh initiated this proceeding by filing a Complaint against Abbott, Abbott Laboratories, Inc., and Cardiovascular Systems, Inc. (CSI) (collectively, Defendants), asserting a single claim of retaliation under the False Claims Act (FCA). Dkt. No. 1.[1] Ghosh alleges, *inter alia*, that Defendants improperly terminated his employment after he reported conduct by Defendants that Ghosh "reasonably believed" to be violations of the FCA. *Id*. at ¶¶ 82-88.

On June 22, 2026, Defendants moved to either transfer this action to the U.S. District Court for the District of Minnesota pursuant to 28 U.S.C. Section 1404(a) or, alternatively, to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("motion"). Dkt. No. 15. With respect to transfer, Defendants argued that a forum selection clause existed in Ghosh's employment agreement with CSI, Minnesota had been selected therein, and there was no reason to decline enforcement of the same.

[1]The Court notes that, although the Complaint states that Ghosh was proceeding "*pro se*", Dkt. No. 1 at 2, he was, and still is, represented by counsel, *see id* at 1, 31; Dkt. No. 20.

Ghosh opposes the motion in all respects, including on the issue of transfer. Dkt. No. 20. As relevant here, Ghosh does not argue that his retaliation claim falls outside the scope of the forum selection clause. Instead, he argues that this case should not be transferred because "public policy weighs in favor of allowing Plaintiff to litigate his claim in Hawaii." *Id*. at 7. In that regard, Ghosh argues that he will have a "fair opportunity" to litigate his claim in Hawaiʻi, and "the people of Hawaii are greatly affected by his claims." *Id*. at 11.

Defendants have filed a reply in support of the motion, Dkt. No. 21, and, with briefing complete, this Order follows.

## LEGAL STANDARD

Pursuant to 28 U.S.C. Section 1404(a), a district court may, in the interest of justice, transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses…." However, when parties have agreed to a valid forum selection clause, the United States Supreme Court has explained that "a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

More specifically, the Supreme Court explained that, in weighing whether transfer is appropriate, “the plaintiff’s choice of forum merits no weight[]” and, instead, “the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.” *Id*. at 63. The Supreme Court further explained that the parties’ private interests, such as the inconvenience of a pre-selected forum, should not be considered. *Id*. at 64. Finally, the Supreme Court held that, while a district court may consider public interest factors, “rarely” will such factors defeat a motion to transfer based upon a forum selection clause. As a result, the Supreme Court explained that “forum-selection clauses should control except in unusual cases.” *Id*.

## DISCUSSION

This is not an unusual case, at least with respect to enforcement of the forum selection clause. Based upon Ghosh’s arguments, in fact, it is decidedly *usual*. The only arguable reasons Ghosh gives for staying in this forum are alleged fraud *that is unrelated to the forum selection clause* and alleged incidents taking place in this forum—a circumstance that is nothing but typical. As a result, for the reasons discussed more fully below, the motion is GRANTED with respect to transfer.

As an initial matter, because Ghosh does not challenge the same, this Order assumes, and does not further address, the applicability of the forum selection

clause to the Complaint's single claim of retaliation. As a result, the Court turns to whether the clause should be enforced. *See Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086-87 (9th Cir. 2018) (addressing applicability arguments prior to turning to enforceability of a forum selection clause).

The Ninth Circuit Court of Appeals has explained that a forum selection clause may be unenforceable should a party, like Ghosh, make a strong showing that "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." *Id*. at 1088 (internal quotations and bracket omitted). In his opposition, Ghosh relies upon two of these exceptions: fraud and public policy. Dkt. No. 20 at 8-13. The Court addresses each below.

Ghosh's claim of fraud quickly falters. As Defendants observe, fraud in this context asks whether "inclusion *of the clause* in the agreement was the product of fraud or overreaching…." Dkt. No. 21 at 2 (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)) (emphasis added). None of Ghosh's arguments in this regard concern fraud in including the forum selection clause in his employment agreement. Instead, they concern Defendants' allegedly

"illegal" business practices and, at best, other terms of the employment agreement, such as "protections" he was allegedly promised therein. Dkt. No. 20 at 8-11. Therefore, Ghosh has made no showing, let alone a strong one, that this is cause for ignoring the forum selection clause.

There are five factors potentially relevant to whether enforcement of a forum selection clause contravenes "public policy". *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703-704 (9th Cir. 1995). Although Defendants contend that *all* five factors favor dismissal, Dkt. No. 15 at 10-11, Ghosh counters on only *two* of the same: imposing on a community with no relationship to the litigation and the preference for localized controversies being decided locally, Dkt. No. 20 at 12-13. Starting with these two factors, neither supports ignoring the forum selection clause. First, given that CSI's principal place of business is allegedly in Minnesota and CSI engaged in allegedly "illegal" business practices, Dkt. No. 1 at ¶¶ 10, 40-61, it cannot be said that Minnesota has *no* relationship to this litigation. Second, this case does not involve a *localized* controversy, at least not one in Hawai'i. In particular, this case involves *federal*, not local, law, and conduct—whether Ghosh's or Defendants'—that cannot be described as local to this forum. As for the remaining three public policy factors that Ghosh does not oppose, upon review, the Court finds that each of the same provides no reason for ignoring the

forum selection clause. As a result, the Court finds that enforcement of the clause would not contravene any public policy of this forum.

With all this in mind, because the forum selection clause is enforceable on this record, the motion, Dkt. No. 15, is GRANTED in part to the extent that this case shall be transferred to the United States District Court for the District of Minnesota. Further, because this case is being transferred, the Court does not address Defendants' independent arguments for dismissal of Ghosh's claim. The motion is, therefore, DENIED WITHOUT PREJUDICE in part to Defendants renewing their Rule 12(b)(6) arguments following transfer, should they so choose and consistent with any instructions from the transferee court.

## **CONCLUSION**

For the reasons set forth herein, the Court GRANTS the motion, Dkt. No. 15, to the extent that the Clerk of Court is directed to TRANSFER this case to the United States District Court for the District of Minnesota. In all other respects the motion is DENIED WITHOUT PREJUDICE to renewal following said transfer.

IT IS SO ORDERED.

Dated: September 28, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge